UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

FEB 17 2011

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

|  |  |
|---|---|
| Timothy W. Buchanan, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 11 0398 |
| 132nd District Court of Texas *et al.*, | ) |
| Defendants. | ) |

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff, a Texas prisoner in Amarillo, sues a Texas state court there and four individuals identified as a Judge, "D.A.," Clerk and Foreman. Compl. Caption. He seeks to "correct indictments proir [sic] to trial, or $60 million dollars and I'll stay here." Compl. at 1. The complaint fails to establish the basis of federal court jurisdiction and plaintiff's entitlement to relief.[1] It therefore will be dismissed. A separate Order accompanies this Memorandum Opinion.

_____
United States District Judge

Date: February _10th_, 2011

---

[1] To the extent that plaintiff is seeking to correct the state court's docket, his recourse lies, if at all, in that court.